Grover Wayne BURROWS, Appellant,

v.

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.

No. 05–87–00153–CV.

Court of Appeals of Texas, Dallas.

Oct. 5, 1987.

---

1. TEX.BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon Supp.1987).

Tex McConathy, Dallas, for appellant.

Tom O'Connell, McKinney, for appellee.

Before WHITHAM, THOMAS and McCRAW, JJ.

McCRAW, Justice.

Grover Wayne Burrows appeals from a trial de novo in which his operator's license was suspended for ninety days for refusal to submit to the taking of a chemical breath sample. In his sole point of error, appellant contends that the State is barred from suspending his license because of double jeopardy, collateral estoppel, and res judicata. For the reasons stated below, we affirm.

Appellant was arrested for DWI, pleaded guilty and punishment was assessed at thirty days probated for two years, and a fine of $500. The court elected to require appellant to attend a DWI Education Program rather than suspend his license. Subsequently, the Texas Department of Safety (DPS) moved to suspend the appellant's license, and after a hearing, Justice of the Peace Shook suspended appellant's license under the authority of Texas Civil Statutes article 6687b, section 22. The appellant then filed a petition in county court at law for trial de novo, seeking to prevent the suspension of his license, pleading double jeopardy and/or collateral estoppel. The trial court conducted a de novo hearing and ordered that the appellant's license be suspended for ninety days.

In appellant's multifarious point of error, he argues that the State is barred from suspending his license due to double jeopardy, collateral estoppel, and res judicata. Appellant contends that the DWI charge and his license suspension arose from the same transaction. Appellant argues that his license was in suspension jeopardy during the DWI trial which resulted in a decision not to revoke his license; therefore, his license was then placed in jeopardy a second time during the de novo suspension hearing. We disagree.

■ The administrative proceedings under section 22 of article 6687b are essentially civil in nature and not criminal prosecutions. *Texas Department of Public Safety v. Casselman*, 417 S.W.2d 146, 147 (Tex.1967), *quoting Padillo v. State*, 159 Tex.Crim. 435, 264 S.W.2d 715 (1954); *see Robinson v. Texas Department of Public Safety*, 586 S.W.2d 604, 605 (Tex.Civ.App. —Austin 1979); *see also Davenport v. State*, 574 S.W.2d 73, 75 (Tex.Crim.App. 1978); *Hill v. State*, 480 S.W.2d 200, 202–03 (Tex.Crim.App.1971) (op. on reh'g), *cert. denied*, 409 U.S. 1078, 93 S.Ct. 694, 34 L.Ed.2d 667 (1972). Neither the double jeopardy clauses of the Texas and Federal

Constitutions nor the doctrine of res judicata is applicable to administrative proceedings. *Davenport,* 574 S.W.2d at 74–77.

Furthermore, the doctrine of criminal collateral estoppel which prevents a second prosecution for the same conduct or subject matter, is inapplicable in an administrative proceeding. *See Showery v. State,* 704 S.W.2d 153, 155 (Tex.Civ.App.—El Paso 1986, no pet.); *Bouyer v. State,* 655 S.W.2d 355, 356 (Tex.App.—Fort Worth 1983, no pet.).

Appellant's point of error is overruled, and the judgment of the trial court is affirmed.