Samuel Galindo BAEZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 08-90-00167-CR.

Court of Appeals of Texas, El Paso.

Feb. 13, 1991.

**613**

Sylvia A. Chavez, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty. of Midland County, Midland, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

## OPINION

KOEHLER, Justice.

This is an appeal from a conviction for possession of cocaine less than 28 grams,

tried to the court on a plea of not guilty. After finding Appellant guilty, the court assessed punishment at ten years in the penitentiary but suspended sentence and placed him on probation for five years. We affirm.

In his two points of error, Appellant complains first that the court erred in failing to suppress evidence obtained as a result of his unlawful detention followed by a warrantless search and seizure, and second that the evidence is insufficient to sustain his conviction.

■ Under his first point, Appellant maintains that Flores did not have a reasonable suspicion to justify stopping him and that the evidence that was subsequently seized was the fruit of an illegal search. Circumstances short of probable cause for arrest may justify a temporary detention for the purpose of investigation. *Adams v. Williams*, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Livingston v. State*, 739 S.W.2d 311 (Tex. Crim.App.1987). To justify detaining a person to investigate, a police officer is required to have specific articulable facts that combined with his experience, personal knowledge and rational inferences from those facts, create a reasonable suspicion that criminally related activity is occurring or has already occurred. *Livingston*, 739 S.W.2d at 326; *Meeks v. State*, 653 S.W.2d 6, 12 (Tex.Crim.App.1983). If the activity of a person is as consistent with innocent activity as it is with criminal activity, the detention cannot be upheld. *Shaffer v. State*, 562 S.W.2d 853 (Tex.Crim.App.1978). The State argues that State's Exhibit No. 4 provides the specific, articulable facts that are necessary to justify the stop. This exhibit was admitted without objection in the trial court. State's Exhibit No. 4 is the statement of facts from the pretrial hearing on the Motion to Suppress.

■ The statement of facts shows that on July 31, 1989, about 3:50 a.m., Officer Flores of the Midland Police Department was on patrol in East Midland, described by him as "a high crime area." Flores noticed

two Spanish people in a black pickup which was parked in an alley in the 1000 block of North Terrell Street. The driver of the pickup was the Appellant, Samuel Galindo Baeza. When asked what he was doing in the alley, Appellant replied that he was dropping off a friend. Flores advised Appellant that the vehicle was blocking the alley and asked that he "move on." Appellant then drove away. Flores circled the block and then noticed that Appellant's pickup was back in the alley. As Flores entered the alley for the second time, Appellant drove away in a manner that Flores testified was "a little bit faster than normal."

When Flores left the alley for the second time, he again saw a vehicle that he thought was probably Appellant's pickup. Flores followed the pickup until it turned into the north alley of Oak Street. Flores parked his car and turned off the lights and the engine so he could hear the muffler on the pickup. Appellant turned his engine off, a few minutes later started it again and then drove away. Flores remained at the intersection until the pickup passed by again, and then he stopped Appellant for the suspicious activity of driving in and out of alleyways. When Flores asked Appellant for a driver's license or other identification, he responded that he did not have either one. Appellant's passenger also said that she did not have any identification and both gave an Odessa address. Flores shined a flashlight into the pickup and noticed that a wallet with a flap open was lying on the floorboard under the steering column. Without asking Appellant's permission, Flores reached into the vehicle to pull open the other flap and saw an identification card with a picture on it. Flores then started to pick the wallet up and a dollar bill fell out. The bill was folded up in a manner that commonly forms a container for narcotics and there was a substance in the package. The substance in the bill was later determined to be cocaine. Flores testified that it was not until after the dollar bill was discovered that he decided to arrest Baeza for driving without a driver's license and insurance. Appellant's

pretrial motion to suppress the cocaine seized in this search was denied.

Flores testified that Appellant's blocking of the alley was the activity that first drew his attention, suggesting a violation of Tex. Penal Code Ann. § 42.03 (1989), *Obstructing Highway or Other Passageway*, and the State now argues that the repeated violations of the Penal Code were sufficient to provide Flores with a reasonable suspicion to justify stopping Appellant. The testimony, however, clearly indicates that he stopped the vehicle due to Appellant's suspicious activity of parking and driving in and out of alleys in a high crime area in the early hours of the morning. Flores' suspicions were enhanced by Appellant's explanation for being in the alley as dropping off a friend. The facts of each case involving temporary detention for investigative purposes are different. While his first encounter with Appellant may not have provided sufficient facts to give rise to a reasonable suspicion that some possible criminal activity had taken, or was about to take place, the fact that Appellant returned to the same alley a second time after being told to move on, and then proceeded to another alley after telling the officer that he had stopped in the first alley to drop off a friend, provides a sufficient basis for a brief investigative detention for the purpose of obtaining additional information, such as the identification of the persons involved and their true purpose for driving and parking in alleys in a high crime area in the early morning hours. These facts amount to more than a mere hunch or suspicion. *See Livingston*, 739 S.W.2d at 326, and *Meeks*, 653 S.W.2d at 12. Point of Error No. One is overruled.

Under his second point of error, Appellant asserts that there is insufficient evidence to sustain his conviction. Citing *Martin v. State*, 753 S.W.2d 384 (Tex.Crim. App.1988), Appellant establishes that the State is required to prove (1) that he exercised care, control and management over the narcotics, and (2) that he knew the substance was contraband. He argues that because he was not in exclusive possession of the place where the cocaine was found, independent facts linking him to the

contraband are necessary, and in their absence, it cannot be concluded that he had knowledge of and control over the drug. *Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App.1981). Appellant points out that when he was asked to step out of the vehicle, the female passenger remained inside, thus giving her equal access to the wallet. However, Flores testified that the female passenger was alone for only "a couple of minutes" before Officer Rivera arrived and that she just sat on the passenger side by the door. Appellant asserts that mere presence in a place where drugs are possessed by others will not support a finding of joint possession. He also argues that there was no evidence that: he owned the pickup; he made any furtive gestures or appeared to be nervous; he was under the influence of any drug or in the possession of paraphernalia; he made any incriminating statements; attempted to escape; or that either he or his passenger had sole access to the vehicle before the search. Finally, Appellant argues that the contraband was not in plain or open view.

In reviewing the sufficiency of the evidence to support a conviction, the evidence must be viewed in the light most favorable to the State. The conviction must be upheld if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866 (Tex.Crim.App.1988). The Court of Criminal Appeals has held that to satisfy the mens rea requirement of a possessory offense, the State must supply evidence of affirmative linkage between the controlled substance and the defendant. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex.Crim.App.1985). When the evidence is circumstantial, an additional principle of appellate review is applicable. The conviction can be sustained only if the circumstances exclude all other reasonable hypotheses except that the defendant is guilty. *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987).

As argued by the State, there was sufficient evidence to affirmatively link Appellant with the cocaine. The evidence indicating that Appellant had control over the cocaine includes:

(1) The wallet was found under the steering wheel and Appellant was the driver;

(2) The wallet contained Appellant's immigration card;

(3) The cocaine was folded into a dollar bill in a manner commonly used by persons who use the drug;

(4) The facts that the dollar bill was concealed inside the wallet, that the wallet was partially unsnapped and lying in plain view on the floorboard tend to negate Appellant's inferred assertion that the passenger hid the drug in Appellant's wallet; and

(5) The lack of any evidence of a denial by Appellant when the cocaine was discovered or testimony by the passenger that it belonged to her.

In addition, the evidence reflects that Appellant made a false statement to Flores regarding whether Appellant possessed identification. The misrepresentation could have been an attempt to prevent Flores from seeing the contents of his wallet.

Both parties cite *Deshong v. State*, 625 S.W.2d 327 (Tex.Crim.App.1981). The State argues that under this case, the fact that the cocaine was found under the steering wheel should be a factor that links it to the driver of the vehicle. In *Deshong*, the appellant challenged the sufficiency of the evidence linking him to marihuana that was discovered in his car. When the policeman opened the car door, he saw a baggie containing what looked like marihuana on the floorboard on the driver's side. The appellant testified that he did not know the marihuana was in the car, that the vehicle was used for business delivery purposes and that several people had access to it. The appellant's passenger also testified that she did not know the drug was there. The court observed that additional facts and circumstances which show that the accused did have knowledge of and control over the contraband will provide the necessary affirmative link between the accused and the contraband. Then the court listed several possible additional factors includ-

ing: the drug was in plain view, the place in which the contraband was found was enclosed, the accused had convenient accessibility to the narcotic, the accused owned the place where the drug was found, the accused was the driver of the vehicle and the narcotic was found on the side of the car that the accused was sitting.

In *Deshong*, several of these factors were met. The marihuana was in open view, the appellant was the driver, he testified that he had entered the car on the driver's side, the contraband was in an enclosed area, it was on the floor in front of the driver and was easily accessible to him, the evidence suggested that the vehicle belonged to the appellant and the marihuana was found on the driver's side of the car. The court found that the evidence was sufficient to support the conviction.

The State also cites *Hineline v. State*, 502 S.W.2d 703 (Tex.Crim.App.1973). In that case, the appellant again challenged the sufficiency of the evidence showing that he was in possession of marihuana. Acting pursuant to a search warrant, the police found marihuana in a house in Austin. The police found a homestead affidavit relating to the property in the appellant's name. A box was found in the garage which had the appellant's name on it and marihuana residue inside. No marihuana was discovered on any of the ten people that were inside the house and there was no testimony directly linking the appellant with any clothing in the closet, except for the fact that the appellant sold leather jackets and there were several in the closet that would have fit him. A warranty deed and deed of trust were introduced showing title to the property as being in appellant's name. There was testimony that the gas and light bills for that property were also in appellant's name. The defense presented a witness that testified that the appellant had vacated the house before the search and that someone else was living there. The remaining testimony was that the appellant owned an International carry-all *and* motorcycles that were found on the premises. The court held the evidence to be sufficient to support the conviction.

The facts in *Goodall v. State*, 774 S.W.2d 821 (Tex.App.—Fort Worth 1989, PDRR) were very similar to the facts in the case before this Court. In that case, the police found Goodall kneeling next to the window of a car that contained a satchel on the backseat with the butt of a gun protruding from it. When an officer picked up the satchel, several packets of cocaine fell out. The satchel also contained Goodall's checkbook and a utility bill. Even though there was testimony that Goodall probably could not have reached the satchel from his kneeling position outside the car, the court found that there was sufficient evidence linking him to the cocaine and affirmed the conviction. The rationale of the court was that the drugs were discovered in the satchel rather than in a common area of the car, and a reasonable jury could have concluded that the satchel belonged to Goodall because of the presence of his checkbook and utility bill.

The evidence that supports Appellant's conviction begins with the evidence that the cocaine was discovered in a wallet containing his identification. This fact distinguishes the case before this Court from the facts presented in *Reyes v. State*, 575 S.W.2d 38 (Tex.Crim.App.1979), cited by Appellant, and in *Humason v. State*, 728 S.W.2d 363 (Tex.Crim.App.1987). In *Humason*, there was no evidence to link the appellant to the cocaine or even to the gym bag in which the controlled substance was found. Likewise, in *Reyes*, there was no link between Reyes and either the car or the rear compartment where the marihuana was found. In our situation, the fact that Appellant's wallet contained both his identification and the cocaine provides a direct link between Appellant, the contraband and the place where the contraband was found. This link renders immaterial Appellant's argument that there was no evidence that he owned the vehicle or that he had had sole access to it immediately prior to the search.

As considered by other courts, the additional evidence to support the conviction is that the wallet was located in the floorboard on the driver's side of a vehicle,

Appellant was driving and the cocaine was easily within his reach and the contraband was found within an enclosed area. These facts are sufficient to establish that Appellant knew of and exercised care, control or management over the contraband.

■ Appellant challenges Flores' characterization of the evidence as being in plain view. Appellant states that all Flores was able to see was the wallet with the snaps open, and that he could not see the cocaine or any other evidence of criminal activity. Appellant points out that he never gave Flores permission to open the wallet, and that Flores did not decide to arrest him for driving without a license and insurance until after the drug was discovered. There is little doubt that an officer is authorized to inquire into the identity of a detained person during a Terry-stop. *Livingston*, 739 S.W.2d at 326; W. Ringel, *Searches & Seizures, Arrests and Confessions*, vol. 1, § 13.5(b) (2d ed. 1990). Moreover, evasive or implausible answers combined with additional circumstances have prompted several courts to hold that the officer has the right to investigate further. *Id.* In *People v. Long*, 189 Cal.App.3d 77, 234 Cal.Rptr. 271 (1987), a detained person identified himself to a police officer, but denied having any written identification. The detainee seemed to be under the influence of alcohol or drugs and was nervous. Because he appeared to be carrying a wallet, the officer again requested written identification. When the defendant's actions in removing his wallet from his pocket indicated that he might be concealing or destroying evidence, the officer searched the wallet himself and discovered contraband. The court found that even though there is a reasonable expectation of privacy in a wallet and identifying information, the display of identification is routine. The court found that such a minimal intrusion was justified when measured against the need for the police to record the identity of someone suspected of committing a crime.

The State points out that operating a motor vehicle without a driver's license or insurance is a violation of both Tex.Civ. Stat.Ann. art. 6687b(2)(a) and art. 6687b(13) (Vernon 1977). The presence of a wallet on the floor of the pickup would tend to make Appellant's response that he was not carrying a license or any identification seem to be implausible, and Flores testified that he was looking for identification when he picked the wallet up. Even though Flores could not see any contraband inside the wallet, under *People v. Long*, his continued inquiry into the truthfulness of Appellant's answer can be justified. Flores was entitled to inquire into his identity and answer that he was not in possession of a driver's license in order to determine whether another law had been broken.

The evidence is sufficient to support the conviction and Officer Flores was entitled to examine the wallet even though the cocaine itself was not in plain view. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.