**The STATE of Texas, Appellant**

v.

**William Harold BRABSON II, Appellee.**

**No. 05–93–01767–CR.**

Court of Appeals of Texas,
Dallas.

April 28, 1995.

J. Stephen Cooper, Dallas, for appellant/plaintiff/petitioner.

Michael J. Sandlin, Asst. Dist. Atty., Dallas, for appellee/defendant/respondent.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

DEVANY, Justice.

The State appeals the county criminal court's granting Brabson's motion to suppress. *See* TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1995). In four points of error, the State asserts that: (1) this Court has jurisdiction over the appeal; (2) the trial court erred in giving collateral estoppel effect to a justice court finding of no probable cause; and (3) the trial court erred in granting the motion to suppress if it was granted on any other ground asserted in Brabson's amended motion to suppress.

Brabson does not dispute this Court's jurisdiction and we conclude we have jurisdiction. Thus, to the extent the State's first point of error is an assertion of error, it is sustained.

## PROCEDURAL BACKGROUND

### A. Justice Court

A hearing was held in justice court regarding the suspension of Brabson's driver's license. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(f) (Vernon 1995). Evidence was presented at the hearing. The justice court rendered judgment that Brabson's driver's license not be suspended. The justice court also rendered findings of fact. The findings of fact provided: (1) Brabson had a Texas driver's license; (2) Brabson was arrested on August 9, 1992; (3) Brabson was given the opportunity to give a blood sample; (4) Brabson refused to give a blood sample; and (5) the arresting officer did not have probable cause to arrest Brabson. The justice court's judgment and findings were not challenged through appeal.

### B. County Criminal Court

The State instituted criminal proceeding against Brabson in county criminal court for driving while intoxicated. Brabson sought suppression of the evidence stemming from his seizure and arrest. In his amended motion to suppress, Brabson asserted the arresting officer's actions were not supported by probable cause, he was unlawfully detained (seized), he did not consent to seizure or search, and the justice court judgment barred relitigation of probable cause because of criminal collateral estoppel.

The county criminal court conducted a hearing on Brabson's amended motion to suppress. The hearing took place on two separate days. Officer Merle Baxley was the only witness at the hearing. Much of the argument of counsel centered on criminal collateral estoppel. However, Brabson's counsel made it clear that he was also challenging the legality of the arrest. Midway through the second day of the hearing, Brabson's counsel stated, "I'm arguing suppression based on the legality of the arrest and the true issue of illegality of the arrest is the issue." Just before the county criminal court ruled, the following exchange took place:

[BRABSON'S COUNSEL]: Again, I just think, and I think the Court has already picked up on it, the focus is the decision on the narrow issue of the legality of the arrest is what I think the issue is.

[THE COURT]: Well, now I've been reminded of the *Groves* case.

I think you've established your point here and I'm going to go ahead and grant your motion to suppress.

The county criminal court did not set forth the basis of its ruling in its order on the

motion. The State did not request findings of fact and conclusions of law.

## CRIMINAL COLLATERAL ESTOPPEL

In its second and third points of error, the State argues the county criminal court erred in granting the motion to suppress on the basis of criminal collateral estoppel. The State's position is that criminal collateral estoppel does not arise from the essentially administrative proceeding conducted in the justice court. The State also argues criminal collateral estoppel does not arise because probable cause is not an issue before a justice court in a license suspension proceeding. Brabson responds that the issue was litigated in justice court and the State was a party; therefore, criminal collateral estoppel does apply.

■ This Court has previously decided the question of whether criminal collateral estoppel can arise from an administrative, license suspension proceeding conducted in justice court. We concluded that res judicata and criminal collateral estoppel do not arise from such administrative proceedings. *Burrows v. Texas Dept. of Public Safety*, 740 S.W.2d 19, 20–21 (Tex.App.—Dallas 1987, no pet.).

Brabson asserts, in effect, that *Burrows* has been overruled by *State v. Groves*, 837 S.W.2d 103 (Tex.Crim.App.1992) and *Elwell v. State*, 872 S.W.2d 797 (Tex.App.—Dallas 1994, no pet.). We agree that *Groves* and *Elwell* are procedurally similar to the instant case. We also note that each held that criminal collateral estoppel did not apply to their cases because there was an insufficient record to show that there was in fact an earlier ruling on the subject issue. *Groves*, 837 S.W.2d at 106; *Elwell*, 872 S.W.2d at 799–800. However, neither of those cases expressly overruled *Burrows* or the rationale underlying *Burrows*. Thus, we conclude that *Burrows* is still valid, controlling authority. Therefore, criminal collateral estoppel could not have arisen from the proceedings in the justice court.

■ Even assuming criminal collateral estoppel could have applied, the county criminal court erred in applying it, if it did. The evidence presented at the suppression hearing established that Brabson was seized without a warrant. Thus, the State had the burden of showing that the officer had reasonable suspicion to believe that Brabson was driving while intoxicated. As will be shown below, Brabson failed to prove when and if he was arrested without a warrant. Thus, the burden of proof did not shift to the State to show that the officer had probable cause to arrest Brabson. As the justice court found only lack of probable cause to arrest and not lack of reasonable suspicion to seize, its finding was irrelevant to the county court proceedings. This is another reason why criminal collateral estoppel could not have arisen from the justice court proceeding.

Therefore, to the extent the county criminal court granted the motion to suppress on the basis of criminal collateral estoppel, it erred. We sustain the State's second and third points of error.

## OTHER GROUNDS FOR GRANTING THE MOTION TO SUPPRESS

In the State's fourth and final point of error, it argues that the court erred in granting the motion to suppress "if it was granted on any of the other reasons that had been requested in the amended motion to suppress." While the State's point of error is stated narrowly, a review of the argument under it clearly shows the State is arguing that there were sufficient articulable facts to justify Brabson's seizure. Brabson stated in his amended motion to suppress that there was no basis for arrest, no search warrant, no probable cause for the search, no consent to the search, and no lawful temporary detention (seizure).

■ We have carefully reviewed the statement of facts from the suppression hearing. Notwithstanding that the county criminal court did not render findings and conclusions, the record indicates that the county criminal court granted the motion to suppress on the basis of criminal collateral estoppel. The county criminal court's final comment during the hearing makes this clear. Nonetheless, we cannot limit our review of the county criminal court's ruling to the ground upon which it relied. We must review the record to determine if there is any

valid basis upon which to affirm the county criminal court's ruling. *Nored v. State,* 875 S.W.2d 392, 394 (Tex.App.—Dallas 1994, pet. ref'd); *Johnson v. State,* 864 S.W.2d 708, 713 (Tex.App.—Dallas 1993, pet. granted); *see Lewis v. State,* 664 S.W.2d 345, 347 (Tex. Crim.App.1984).

We interpret the State's fourth point of error as a challenge to any rationale for the trial court's ruling other than criminal collateral estoppel. Having disposed of the criminal collateral estoppel argument and based on the record before us, the only valid theories which might support the county criminal court's ruling are (1) illegal, warrantless seizure or (2) illegal, warrantless arrest.

## A. Applicable Law

### 1. Standard of Review

 " 'The trial court is the sole trier of facts at a hearing upon a motion [to suppress]' " and appellate courts are not at liberty to disturb any finding supported by the record. *Flores v. State,* 871 S.W.2d 714, 721 (Tex.Crim.App.1993), *cert. denied,* — U.S. ——, 115 S.Ct. 313, 130 L.Ed.2d 276 (1994). (quoting *Fierro v. State,* 706 S.W.2d 310, 316 (Tex.Crim.App.1986)). At a suppression hearing, the trial judge is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Flores,* 871 S.W.2d at 721; *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Nored,* 875 S.W.2d at 394; *Segura v. State,* 826 S.W.2d 178, 181 (Tex.App.—Dallas 1992, pet. ref'd). The trial judge may accept or reject any or all of a witnesses' testimony. *Johnson v. State,* 803 S.W.2d 272, 287 (Tex.Crim.App.1990), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2914, 115 L.Ed.2d 1078 (1991), *overruled on other grounds by Heitman v. State,* 815 S.W.2d 681, 685 n. 6 (Tex.Crim.App.1991); *Nored,* 875 S.W.2d at 394. Generally, we do not engage in our own factual review. *See Nored,* 875 S.W.2d at 394. We decide only whether the trial judge improperly applied the law to the facts. *Nored,* 875 S.W.2d at 394; *see Romero,* 800 S.W.2d at 543. Absent an abuse of discretion, we do not disturb the trial court's findings. *Maddox v. State,* 682 S.W.2d 563, 564 (Tex.Crim.App.1985);

*Brown v. State,* 830 S.W.2d 171, 173 (Tex. App.—Dallas 1992, pet. ref'd).

 We review the evidence in the light most favorable to the trial court's ruling. *See Daniels v. State,* 718 S.W.2d 702, 704 (Tex.Crim.App.), *cert. denied,* 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 252 (1986), *overruled on other grounds by Juarez v. State,* 758 S.W.2d 772, 780 n. 3 (Tex.Crim.App. 1988); *Nored,* 875 S.W.2d at 395. If the evidence supports the trial court's ruling, we do not disturb it. *Johnson,* 803 S.W.2d at 287; *Nored,* 875 S.W.2d at 394–95. We must uphold the trial court's ruling if it can be upheld on any valid theory, regardless of whether the theory was argued at trial or on appeal. *Nored,* 875 S.W.2d at 395; *Johnson,* 864 S.W.2d at 713; *see Lewis,* 664 S.W.2d at 347.

### 2. Burden of Proof

 When a defendant seeks to suppress evidence on the basis of the right to be free of unreasonable search and seizure, the burden of proof is initially on the defendant. *Russell v. State,* 717 S.W.2d 7, 9 (Tex.Crim. App.1986). Once the defendant has established that a seizure or arrest occurred without a warrant, the burden shifts to the State. *Id.* If the State is unable to present evidence of a warrant, the State must prove the reasonableness of the seizure. *Russell,* 717 S.W.2d at 9–10. The State is not required to prove the reasonableness of the seizure beyond a reasonable doubt. *Nored,* 875 S.W.2d at 394.

### 3. Seizure/Detention

 Both the Fourth Amendment and article one, section nine of the Texas Constitution guarantee individuals the right to be free from unreasonable seizures. *See* U.S. Const. amend. IV; Tex. Const. art. I, § 9. A stop of an individual by the police violates these guarantees only if (1) the stop or detention constitutes a "seizure" and (2) the seizure is unreasonable. *Johnson,* 864 S.W.2d at 715. "A person has been 'seized' within the meaning of the Fourth Amendment only if, in view of the circumstances surrounding the incident, a reasonable person would have believed that he was not free

to leave." *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 1877, 64 L.Ed.2d 497 (1980). Such a reasonable belief occurs when a citizen is subjected to a show of authority and yields. *See California v. Hodari D.,* 499 U.S. 621, 626, 111 S.Ct. 1547, 1550, 113 L.Ed.2d 690 (1991); *Johnson,* 864 S.W.2d at 716.

▮▮▮▮ A police officer may briefly stop a suspicious individual in order to maintain the status quo momentarily while obtaining more information. *Gurrola v. State,* 877 S.W.2d 300, 302 (Tex.Crim.App.1994). "[A] 'seizure,' for purposes of article one, section nine, [occurs] when the police have intruded on the freedom of a citizen by momentarily detaining the person." *Johnson,* 864 S.W.2d at 715. Seizures such as this are also referred to as temporary or investigative detentions. The moment of 'seizure' under article one, section nine of the Texas Constitution is coextensive with that moment under the federal constitution. *Johnson,* 864 S.W.2d at 723.

▮▮▮▮ Even without a warrant, circumstances short of probable cause may justify a temporary investigative detention or seizure. *See Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 1879, 20 L.Ed.2d 889 (1968); *Baeza v. State,* 804 S.W.2d 612, 613 (Tex.App.—El Paso 1991, pet. ref'd). In order to justify such a detention or seizure, an officer must possess specific articulable facts which amount to more than a mere hunch or suspicion that, combined with his personal experience and knowledge and logical inferences, create a reasonable suspicion that criminal activity is afoot. *Gurrola,* 877 S.W.2d at 302; *see Garza v. State,* 771 S.W.2d 549, 558 (Tex. Crim.App.1989); *Hoag v. State,* 728 S.W.2d 375, 380 (Tex.Crim.App.1987). A brief investigative detention or seizure to obtain more information may be reasonable depending upon the totality of the circumstances known to the officer at the time. *See Livingston v. State,* 739 S.W.2d 311, 326 (Tex.Crim.App. 1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988); *Dickey v. State,* 716 S.W.2d 499, 503–04 n. 4 (Tex.Crim. App.1986). Generally, there must be a reasonable suspicion by the officer that: (1) some activity out of the ordinary is occurring or has occurred; (2) some suggestion that the detained person is connected with the unusual activity; and (3) some indication that the activity is related to a crime. *Gurrola,* 877 S.W.2d at 302; *Johnson v. State,* 658 S.W.2d 623, 626 (Tex.Crim.App.1983). Where the initial detention is unlawful, any evidence seized subsequent to such a detention is inadmissible. *Gurrola,* 877 S.W.2d at 302. These principles apply to the offense of driving while intoxicated just as they do to other crimes. *Townsend v. State,* 813 S.W.2d 181, 185 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *see also Drago v. State,* 553 S.W.2d 375, 377–78 (Tex.Crim.App. 1977).

▮▮▮▮ Detention based on a hunch is illegal. *Johnson,* 658 S.W.2d at 626; *Daniels,* 718 S.W.2d at 705. Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful. *Daniels,* 718 S.W.2d at 705. However, the relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular noncriminal acts. *Holladay v. State,* 805 S.W.2d 464, 469 (Tex. Crim.App.1991). We review the totality of the circumstances to determine whether the detention was reasonable.

### 4. Warrantless Arrest

▮▮▮▮ "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." Tex.Code Crim.Proc.Ann. art. 14.01(b) (Vernon 1977). "A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person acting without a warrant." Tex.Code Crim.Proc.Ann. art. 15.22 (Vernon 1977); *Hawkins v. State,* 758 S.W.2d 255, 259 (Tex.Crim.App.1988). "An arrest is complete when a person's liberty of movement is restricted or restrained." *Chambers v. State,* 866 S.W.2d 9, 19 (Tex. Crim.App.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994). An individual who acts on the "invitation, urging or request of police officer, and [who is] not

being forced, coerced or threatened" is not in custody or arrested. *Id.*

To justify a warrantless arrest, the State has the burden to prove probable cause existed when the officer made the arrest. *Coolidge v. New Hampshire,* 403 U.S. 443, 455, 91 S.Ct. 2022, 2032, 29 L.Ed.2d 564 (1971); *Roberts v. State,* 545 S.W.2d 157, 158 (Tex.Crim.App.1977); *see* Tex.Code Crim. Proc.Ann. art. 14.01(b) (Vernon 1977); Tex. Code Crim.Proc.Ann. art. 14.03(a)(1) (Vernon Supp.1994) ("Any peace officer may arrest, without warrant: (1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws; . . ."). The test for a warrantless arrest is whether at that moment the facts and circumstances within the officer's knowledge and of which the officer had reasonably trustworthy information were sufficient to warrant a man of reasonable caution in the belief that the arrested person had committed or is committing an offense. *Amores v. State,* 816 S.W.2d 407, 413 (Tex. Crim.App.1991); *Lunde v. State,* 736 S.W.2d 665, 667 (Tex.Crim.App.1987). Stated differently, the surrounding facts and circumstances must provide probable cause to conclude that the person arrested has committed or is committing an offense. *Amores,* 816 S.W.2d at 411. Evidence obtained only after a defendant is arrested cannot be considered in determining whether there was probable cause for the arrest. *Amores,* 816 S.W.2d at 412–13, 415. An investigating officer's hunch, suspicion, or good-faith perception are not sufficient enough, standing alone, to constitute probable cause for an arrest. *Stull v. State,* 772 S.W.2d 449, 451 (Tex.Crim.App. 1989).

### 5. Driving While Intoxicated

According to the information, Brabson committed the offense on or about August 9, 1992. The statute regarding driving while intoxicated in effect at the time of Brabson's alleged offense provided in part:

(b) a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

The fact that any person charged with a violation of this section is or has been entitled to use a controlled substance or drug under the laws of this state is not a defense.

(c) Except as provided by Subsections (d), (e), and (f) of this article, an offense under this article is punishable by:

(1) a fine of not less than $100 and not more than $2,000; and

(2) confinement in jail for a term of not less than 72 hours nor more than two years.

\* \* \* \* \* \*

(f) If the person refuses a request by an officer to give a specimen of breath or blood, whether the refusal was express or the result of intentional failure of the person to give the specimen, that fact may be introduced into evidence at the person's trial.

Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex.Gen.Laws 1568, 1575, *repealed by* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.15, 1993 Tex.Gen.Laws 3586, 3704.

### B. Application of Law to Facts

The detaining officer, Merle L. Baxley, was the only witness at the suppression hearings. No other evidence, testimonial or otherwise, was presented setting forth the facts and circumstances surrounding Brabson's detention.

Officer Baxley testified that he was a Dallas Police Officer working as a part time security guard at a fast food restaurant. At approximately 2:50 a.m., he heard a horn honking (ten or fifteen extended blasts) coming from one of the cars in line at the drive-thru window. He went to the drive-thru window as Brabson pulled up to the window. Officer Baxley was able to determine that the excessive horn honking was coming from Brabson's vehicle. Brabson was in the driver's seat and the car's windows were rolled down. Officer Baxley leaned out the drive-thru window and asked Brabson what the trouble was. Officer Baxley testified that when Brabson responded he detected a strong odor of alcohol on Brabson's breath. Officer Baxley then asked Brabson to pull

forward and wait for him. Brabson complied with Officer Baxley's request. A second officer arrived. After Brabson was given or refused to take field sobriety tests, Officer Baxley decided to arrest him.

Brabson did not present any testimony at the hearing proving when he was arrested that night. The transcript shows that a warrant was issued for Brabson's arrest at a later date. Brabson does not challenge the warrant in this appeal.

■ The evidence shows that Brabson was detained when Brabson voluntarily complied with Officer Baxley's request to pull forward and wait. However, there is no evidence in the record showing when or if Brabson was ever actually restrained to the extent that he was arrested. Thus, Brabson failed to show when or if he was arrested that night. Without such a showing, Brabson did not establish what evidence, if any, was obtained after a warrantless arrest. Therefore, the only question before this Court is whether the evidence established that Officer Baxley had sufficient reasonable suspicion to justify Brabson's warrantless detention.

■ Officer Baxley's uncontroverted testimony established that Brabson was honking his horn excessively at 2:50 a.m. and had a strong odor of alcohol on his breath. These articulable facts were sufficient to give Officer Baxley sufficient reasonable suspicion to detain Brabson in order to investigate further. The State met its burden of justifying the detention. The county court erred in concluding, if it did, that Officer Baxley did not have sufficient reasonable suspicion to justify seizing Brabson to facilitate further investigation.

### CONCLUSION

Therefore, the county criminal court's suppression order cannot be affirmed under criminal collateral estoppel or any other valid theory. We reverse the county criminal court's judgment and remand this case for further proceedings consistent with this opinion.