# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00531-CR

**The State of Texas, Appellant**

**v.**

**John P. Gordon, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY
### NO. 553757, HONORABLE CLAUDE D. DAVIS, JUDGE PRESIDING

The State appeals from the trial court's pretrial order suppressing the State's evidence arising out of appellee John P. Gordon's detention and arrest for driving while intoxicated (DWI). *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2001). We will reverse and remand.

The only witness to testify at the suppression hearing was Austin police officer Bernardo Ramirez. Ramirez testified that at about 7:30 p.m. on February 2, 2000, he was diverting cars from a road that was closed for construction. Gordon's car drove toward Ramirez, approaching a large wooden barricade painted orange and white that was blocking the lanes in which Gordon was driving. The lanes to Gordon's left were not blocked and traffic moving in the opposite direction from Gordon was being diverted into those lanes. Gordon pulled up to the barricade and stopped for a few minutes. He started to drive around the barricade, going against the oncoming traffic and making the traffic swing wide to avoid his car. Gordon then stopped again for a few minutes.

Ramirez approached the car, swinging his flashlight to get the driver's attention. Ramirez did not intend to issue a traffic citation at that point and intended only to have the driver turn around and go the correct way for diverted traffic. Ramirez asked Gordon if he was all right, and Gordon responded, "I am a little confused." As Gordon spoke, Ramirez smelled alcoholic beverage on his breath and asked if Gordon had been drinking. Gordon said he had had four drinks; Ramirez did not ask him over what period of time he had the drinks. Ramirez asked Gordon where he was coming from, and Gordon said he was coming from a nearby restaurant and was trying to get to IH-35. As soon as Ramirez smelled the alcoholic beverage, he decided to detain Gordon until another officer arrived. Gordon got out of his car when requested to do so. Ramirez walked Gordon behind the barricades and detained him at the patrol car.

Ramirez testified that it is a traffic offense to disregard barricades, but only if the barricade is marked "road closed," "do not enter," or the like. He said he did not know if there were any such signs on the side of the barricade from which Gordon approached.

Gordon moved to suppress the evidence arising out of his arrest, arguing the smell of alcohol on a driver's breath alone does not give an officer reasonable suspicion to detain the driver. Because Ramirez could not testify that Gordon had broken any traffic laws by going around the barricade, Gordon argued, the smell of alcohol alone was insufficient to give Ramirez reason to detain him. The State argued that the totality of the circumstances gave Ramirez reasonable suspicion that Gordon was intoxicated. The trial court granted Gordon's motion, saying, "Now, the officer was very honest about that; that there could have been a sign, and if there had have been a sign, of course, I think the State would have it. But he didn't know because he didn't usually work that area."

In the State's second, third, and fourth issues of error, it argues that the trial court erred in suppressing the evidence arising out of Gordon's arrest because Ramirez's detention of

Gordon was not unreasonable under the United States and Texas constitutions and did not violate Gordon's rights under the Texas Code of Criminal Procedure. In essence, the State argues that Ramirez had sufficient articulable facts to justify detaining Gordon on suspicion of DWI. It argues that Ramirez's initial decision to approach Gordon was reasonable, a point Gordon concedes. Once Ramirez spoke to Gordon, the smell of alcohol on his breath, combined with his unusual driving behavior and his statement that he was confused, "would reasonably warrant the suspicion that Gordon had lost the normal use of mental and physical faculties." Therefore, Ramirez had "reasonable, objective grounds to detain Gordon on suspicion that he was driving while intoxicated." Gordon contends that the trial court properly suppressed the evidence because Ramirez's detention of Gordon was based solely on the odor of alcohol on Gordon's breath. He argues that the detention was improper because Ramirez could have had, at most a "mere hunch or suspicion" that Gordon was intoxicated; "the smell [of alcohol] alone is insufficient to justify the detention."

In reviewing a trial court's ruling on a motion to suppress, we must first determine the appropriate standard of review. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997). The amount of deference given to the trial court's ruling depends on whether the ruling concerned a question of fact, a question of law, or a mixed question of law and fact. *Id.* If the issue depends on a witness's credibility, we give great deference to the trial court's determination. *Id.*; *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). However, in determining whether an officer had probable cause to seize a suspect under the totality of the circumstances, the trial court is not necessarily in an appreciably better position than are we to make that determination. *Guzman*, 955 S.W.2d at 87. In other words, we give great deference to a trial court's determination of facts and

3

witness credibility, but we review de novo determinations of reasonable suspicion and probable cause not dependant on an evaluation of witness demeanor or credibility.[1] *Id.* at 87, 89.

When a defendant seeks to suppress evidence on the basis of an unreasonable search and seizure, he has the initial burden of showing that he was seized or arrested without a warrant. *Russell v. State*, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986); *State v. Brabson*, 899 S.W.2d 741, 746 (Tex. App.—Dallas 1995), *aff'd*, 976 S.W.2d 182 (Tex. Crim. App. 1998). Once the defendant shows he was seized or arrested without a warrant,[2] the State must show the seizure was reasonable. *Russell*, 717 S.W.2d at 9-10; *Brabson*, 899 S.W.2d at 746. The State need not show the reasonableness of the seizure beyond a reasonable doubt. *Brabson*, 899 S.W.2d at 746. A warrantless seizure may be justified if the detaining officer has "specific articulable facts which amount to more than a mere hunch or suspicion that, combined with his personal experience and knowledge and logical inferences, create a reasonable suspicion that criminal activity is afoot." *Id.* at 747 (citing *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994)). Generally, the officer must have a reasonable suspicion that (1) something out of the ordinary is occurring, (2) the detained person is connected with that unusual activity, and (3) the activity is related to a crime. *Gurrola*, 877 S.W.2d at 302; *Brabson*, 899 S.W.2d at 747.

---

[1] The trial court's language indicates that it found Ramirez's testimony credible, and there is no indication to the contrary in the record. We will take as true Ramirez's testimony and determine whether he had probable cause based on his recitation of the events in question.

[2] As part of its first issue of error, the State argues that Gordon never produced evidence that he was arrested without a warrant, and thus the burden never shifted to the State to establish the seizure's reasonableness. While our resolution of the State's other issues of error makes it unnecessary for us to address the State's first issue, we note that, while Ramirez was never asked whether he had a warrant to arrest Gordon, Ramirez's testimony makes it clear that this was in fact a warrantless arrest.

4

The question before us is not whether Ramirez's testimony would be sufficient to support a conviction for DWI, nor is it a question of whether that testimony established that there was probable cause to arrest Gordon. The only question to be answered is whether Ramirez's testimony established that his further investigation into Gordon's behavior was supported by a reasonable suspicion that Gordon might be driving while intoxicated. We hold that it was.

Gordon concedes that "the stop by Officer Ramirez was reasonable." Ramirez testified that he did not intend to ticket Gordon when he initially approached Gordon's car and was unable to testify that Gordon had in fact broken any traffic laws. However, Gordon approached a road barricaded on one side, with oncoming traffic approaching him on the other side, and with a patrol car and police officer a short distance away directing traffic onto the road in the opposite direction Gordon was traveling. Gordon paused and then attempted to drive around the barricade, causing the oncoming traffic to swing wide to avoid him. Gordon then paused again and stated he was confused when asked by Ramirez if he was all right. The articulable fact that Gordon was driving in an unusual, if not illegal, manner coupled with the smell of alcohol on his breath, his statement that he had consumed four drinks at a nearby restaurant, and his confusion were sufficient to give Ramirez a reasonable suspicion that Gordon was driving while intoxicated *and certainly were sufficient to justify Ramirez's further investigation. See Fontenot v. State*, 486 S.W.2d 941, 941 (Tex. Crim. App. 1972) (probable cause for arrest when officer approached driver who had stopped car on own volition and officer noticed driver could not converse coherently, was thick-tongued, and had strong odor of alcohol about him); *Brabson*, 899 S.W.2d at 748-49 (when officer working security at restaurant spoke to driver who was honking excessively, officer smelled odor of alcohol and asked driver to pull to side, court held excessive honking coupled with smell of alcohol gave officer reasonable suspicion of DWI); *see also Simmons v. State*, 233 S.W.2d 150, 150 (Tex. Crim. App.

5

1950) (patrolman investigating car accident based his opinion that driver was intoxicated on smell of whiskey on driver's breath); *Texas Dep't of Pub. Safety v. Walter*, 979 S.W.2d 22, 29 (Tex. App.—Houston [14th Dist.] 1998, no pet.) (officer had probable cause to arrest driver when after traffic stop officer observed driver's breath strongly smelled of alcohol, driver's balance was unsteady, and driver failed two field sobriety tests); *State v. Charlton*, 847 S.W.2d 443, 444-46 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (evidence sufficient to support DWI conviction; when officer pulled over car for expired registration, driver pulled over promptly and properly, but officer smelled strong odor of alcohol in car, driver's eyes were glassy and bloodshot, and driver was unsteady when asked to step out of car). Ramirez had articulable facts that gave him sufficient cause to ask Gordon to step out of his car and to call back-up officers to the scene to perform a DWI investigation. The trial court erred in finding otherwise.

Due to our resolution of the State's second, third, and fourth issues of error, it is unnecessary for us to consider the State's first issue of error. We reverse the trial court's judgment suppressing all evidence arising out of Ramirez's investigation of Gordon and remand the cause to the trial court for further proceedings.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Reversed and Remanded

Filed:  July 26, 2001

Do Not Publish

6