John Cleveland MARTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–01–335–CR.

Court of Appeals of Texas,
Waco.

Jan. 8, 2003.

Matt Hennessey, DeGuerin & Dickson, Houston, for appellant.

Charles A. Rosenthal, Jr., Harris County Dist. Atty., Alan Curry, Harris County Asst. Dist. Atty., Houston, for appellee.

Before Chief Justice DAVIS, Justice GRAY, and Senior Justice HILL (Sitting by Assignment).

## OPINION

JOHN G. HILL, Senior Justice (Assigned).

John Cleveland Martin appeals his conviction by a jury for the offense of driving while intoxicated. The trial court assessed his punishment at 180 days in the Harris County jail, suspended his sentence, placed him on community supervision for one year, and assessed a fine in the amount of $800. Martin contends in two points that the trial court erred in overruling his objection to the admissibility of the results of a horizontal gaze nystagmus test and that the trial court erred by denying him a hearing on his motion for new trial. We affirm.

Martin urges in point one that the trial court erred in overruling his objection to the admissibility of the results of a horizontal gaze nystagmus test. Martin's contention is that the arresting officers' comments to him that he would be arrested if he refused to perform the HGN test constituted coercion that rendered his agreement to take the test involuntary. He insists that because he was coerced into

performing the test involuntarily, evidence of his performance on the test was inadmissible. A trial court's ruling concerning the admission or exclusion of evidence may not be disturbed on appeal unless an abuse of discretion is shown. *Erdman v. State,* 861 S.W.2d 890, 893 (Tex.Crim.App.1993).

■■■ Martin's contention that his performance on the HGN test is inadmissible because his agreement to perform the test was involuntary is based on an unspoken presumption that involuntary performance of field sobriety tests constitutes evidence that has been illegally obtained. However, a defendant may be compelled to give physical evidence of intoxication. *Thomas v. State,* 723 S.W.2d 696, 705 (Tex.Crim. App.1986). A field sobriety test is physical evidence of an appellant's mental and physical faculties. *Gassaway v. State,* 957 S.W.2d 48, 51 (Tex.Crim.App.1997). Consequently, the performance of field sobriety tests is not compulsive in violation of one's right to be free from self-incrimination when it does not make an express or implied assertion of fact. *Id.* Martin's performance on the HGN test did not make an express or implied assertion of fact. We therefore hold that the trial court did not abuse its discretion in admitting evidence of Martin's performance on the HGN test. *See also, State v. Babbitt,* 188 Wis.2d 349, 525 N.W.2d 102, 106 (App. 1994) (stating suspect has no Fifth Amendment right to refuse to perform field sobriety tests); *State v. Meek,* 444 N.W.2d 48, 50 (S.D.1989) (same); *State v. Marks,* 644 N.W.2d 35, 37 (Iowa Ct.App.2002) (requiring a person to submit to a field sobriety test or face the consequences of being arrested is not a coercive, prohibited tactic).

In arguing that the trial court abused its discretion by admitting his performance on the HGN test, Martin relies on the case of *Erdman, supra.* We find that case to be distinguishable. In *Erdman,* the Court held that results of a breath test, taken after the defendant was advised by a police officer that he would be arrested and charged with driving while intoxicated if he refused to take the test, constituted illegally obtained evidence. *Id.* at 894. The Court reached this conclusion by holding that the warning by the officer constituted coercion and noting that Article 6701l–5 provides that no breath test is to be conducted if the person requested to take the test refuses to do so. *Id.;* TEX. REV.CIV. STAT. ANN. art. 6701l–5, § 2 (Vernon 1977). Martin refers us to no statute with similar provisions that would apply to field sobriety tests, and we are not aware of any. We overrule point one.

■ Martin urges in point two that the trial court erred by denying him a hearing on his motion for new trial. Martin timely filed a motion for new trial. In his motion, he urged the trial court to grant a new trial based on his counsel's failure to call two exculpatory witnesses. Although the motion indicated that affidavits of the two witnesses were attached, our record reflects that no affidavits were attached to the motion. The trial court subsequently denied Martin a hearing on the motion. Martin then filed an amended motion for new trial with the affidavits properly attached. There is nothing in the record to indicate that this motion was ever presented to the trial court. It is undisputed that no hearing was held on that motion. The trial court was not required to have a hearing on Martin's original motion for new trial because of its failure to have the affidavits attached. *Redmond v. State,* 30 S.W.3d 692, 700 (Tex.App.-Beaumont 2000, pet. ref'd). Given that our record does not reflect that Martin ever presented his amended motion to the trial court, the trial court did not err in failing to afford him a hearing on that motion. *See Carranza v.*

*State*, 960 S.W.2d 76, 80 (Tex.Crim.App. 1998) (en banc); Tex.R.App. P. 21.6. We overrule point two.

The judgment is affirmed.