Affirmed and Opinion filed _____________, 2003















Affirmed and Memorandum
Opinion on Remand filed February 10, 2004.

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-99-00685-CR

____________

 

DARLENE U.
HROMADKA, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



On Appeal from the County
 Criminal Court at Law
Number Fourteen

Harris
 County, Texas

Trial Court Cause
No. 98,40646




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



M E M O R
A N D U M   O P I N I O N   O N  
R E M A N D

            Appellant Darlene Hromadka appealed her misdemeanor conviction for driving
while intoxicated (“DWI”).  This Court
affirmed her conviction.[*]  But the Court of Criminal Appeals reversed
that judgment in holding: (1) appellant did not fail to preserve error in her
claim of jury charge error, and (2) appellant did not waive the right to a jury
instruction on the issue of voluntary consent in performing field sobriety
tests by her failure to object to the admissibility of the evidence.  See Hromadka v. State, No. 1329-00, 2003 WL 1845067 (Tex.
Crim. App. April
 9, 2003).  The Court of
Criminal Appeals remanded the case to this Court to resolve whether appellant
was entitled to the requested instruction based upon the requirement provided
in Article 38.23(a) of the Texas Code of Criminal Procedure.[†] Id. at *2.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion. See Tex.
R. App. P. 47.1.  We affirm.

            Appellant argues the trial court
erred in denying her requested jury instruction on voluntary consent in the
performance of field sobriety tests pursuant to Article 38.23(a).  In reviewing the denial of a requested jury
instruction, we must determine whether error actually exists and, if so, the
extent of that error.  See Mann v. State, 964 S.W.2d 639, 641
(Tex. Crim. App. 1998).

Implicit in appellant’s argument is the assumption that involuntary
performance of field sobriety tests yields illegally obtained evidence.  But a suspect may be compelled to give
physical evidence of intoxication without implicating the constitutional
protection against self-incrimination.  Jones v. State, 795 S.W.2d 171, 175 (Tex.
Crim. App. 1990). 
A field sobriety test yields physical evidence of a suspect’s mental and
physical faculties. Gassaway v. State,
957 S.W.2d 48, 51 (Tex. Crim. App. 1997).  In
the present case, appellant complains of the evidence obtained from her
performance of a battery of field sobriety tests administered by Houston police
officer Kevin O’Brien, including: (1) the horizontal gaze nystagmus
test, (2) the Romberg (divided attention) test, (3) the “one-leg-stand” test,
and (4) the “walk-and-turn” test. 
Therefore, no constitutional violation occurred when the State obtained
evidence of appellant’s intoxication through her performance of the field
sobriety tests.

Appellant cites Erdman
v. State, 861 S.W.2d 890, 893 (Tex. Crim. App.
1993), and Bell v. State, 881 S.W.2d
794, 801-02 (Tex. App.—Houston [14th Dist.] 1994, pet. ref’d), for the proposition that DWI suspects are entitled
to an Article 38.23(a) jury instruction if a factual issue is raised involving
voluntary consent to a breath test or a blood test.  She argues it would be unreasonable not to
extend this entitlement to voluntary consent issues involving field sobriety
tests such as those performed in the present case.

But issues involving consent to tests of a suspect’s breath and
blood are governed by statute.  See Tex.
Transp. Code §§ 724.011-.015. 
Appellant refers us to no statute with similar provisions that would
apply to field sobriety tests, and we are unaware of any.  See
Martin v. State, 97 S.W.3d 718, 720 (Tex.
App.—Waco 2003, pet. ref'd).  Since we cannot say the evidence from the field
sobriety tests was obtained illegally, appellant was not entitled to a
voluntary consent instruction. 
Accordingly, appellant’s sole issue on remand is overruled.

The judgment is affirmed.

 

 

 

 

                                                                                    

                                                                        /s/        Paul C. Murphy

                                                                                    Senior
Chief Justice

 

Judgment rendered and Memorandum Opinion on
Remand filed February 10, 2004.

Panel consists of Justices Anderson, Seymore
and Senior Chief Justice Murphy.*

Do Not Publish –– Tex. R. App. P. 47.2(b).











[*] See Hromadka v.
State, No. 14-99-00685-CR, 2000 WL 977623 (Tex.
App.—Houston [14th
Dist.] May 18, 2000).





[†] That
section provides in pertinent part: “In any case where the legal evidence
raises an issue [as to whether admitted evidence was obtained in violation of
federal or state law], the jury shall be instructed that if it believes, or has
a reasonable doubt, that the evidence was obtained in violation of the
provisions of this Article, then and in such event, the jury shall disregard
any such evidence so obtained.”





* Senior Chief
Justice Paul C. Murphy sitting by assignment.