**Samuel Olglkan OGUNTOPE,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–04–00205–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 2005.

Charles H. Portz, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney of Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices HIGLEY and BLAND.

## OPINION

JANE BLAND, Justice.

Appellant Samuel Oguntope waived his right against self-incrimination, his right to trial by jury, and his right to confrontation. He judicially confessed to the State's allegations that he committed the misdemeanor offense of driving while intoxicated ("DWI"). After finding true an enhancement paragraph alleging a prior felony, the trial court assessed punishment at ten days' confinement, suspended his driver's license for one year, and entered an order requiring Oguntope to install an ignition interlock restriction device in his vehicle.[1]

Before entering his plea of guilty, Oguntope moved to suppress the results of his field sobriety test. The trial court denied the motion. After entry of the plea, he filed a motion for new trial and to withdraw his plea. The trial court denied the motion. On appeal, Oguntope contends the trial court erred in denying his motion to suppress the results of his field sobriety test because his agreement to perform the test improperly was coerced. We conclude that the trial court did not err and therefore affirm.

### Facts and Procedural History

On December 12, 2003, a Texas Department of Public Safety trooper pulled over Oguntope's vehicle at approximately 11:45 p.m. The trooper detected an alcoholic odor on Oguntope's breath, and Oguntope admitted that he had consumed one beer. The trooper instructed Oguntope to follow his finger with his eyes. Oguntope refused. The trooper then requested that he submit to a breathalyzer test. Oguntope did not blow hard enough into the tube to successfully complete the test. The trooper told Oguntope that, "If you can't do what I'm asking you to do, then I'm going to take you to jail for DWI." Oguntope then performed several field sobriety tests, including the horizontal gaze nystagmus ("HGN") test, straight line walk test, and a stand on one foot test. Oguntope failed the field sobriety tests, and the trooper arrested him for DWI. The trooper told Oguntope that he would give him another chance to take a breath test at the jail, and if he blew .08 or less, he would let the district attorney decide whether to keep him in jail. The trooper denied Oguntope's requests to allow him to repeat the field sobriety tests. The trooper read

---

1. Oguntope appealed his driver's license suspension to an administrative law judge ("ALJ"). The ALJ found that the State's evidence was insufficient to establish Oguntope's intoxication, and entered an order denying the Texas Department of Public Safety's authority to suspend Oguntope's driver's license.

Oguntope the statutory warnings and asked him whether he would perform the breathalyzer test. Oguntope answered both yes and no, which the trooper interpreted as a no.

At trial, Oguntope moved to suppress evidence of the field sobriety tests. After watching the videotaped footage of the field sobriety tests and hearing oral argument, the trial court granted the motion in part and denied it in part. The court agreed to suppress (1) any breathalyzer results, although the trooper gathered no results because Oguntope did not successfully blow into the tube, and (2) the trooper's statement concerning the district attorney. The trial court refused to suppress the results of the field sobriety tests. Oguntope then pleaded guilty to DWI.

### Standard of Review

■ In reviewing a trial court's ruling on a motion to suppress, we apply the bifurcated standard of review articulated in *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). We defer to a trial court's determination of historical facts, and review *de novo* the trial court's application of the law of search and seizure. *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex.Crim.App.2000) (citing *Guzman*, 955 S.W.2d at 88–89). If the issue involves the credibility of a witness, we defer to a trial court's ruling, as a trial court is in a better position to evaluate the credibility of witnesses before it. *Guzman*, 955 S.W.2d at 87, 89. If the trial court is called upon to apply the law to the facts, and the ultimate resolution of the issue does not turn on an evaluation of the credibility and demeanor of a witness, we review that issue *de novo*. *Id.* at 89.

### Motion to Suppress

■ Oguntope contends the trial court erred in refusing to suppress the results of his field sobriety tests. Specifically, Oguntope contends the trooper's comment that he would arrest him if he refused to perform the HGN test constitutes coercion that renders involuntary his agreement to take the test. Oguntope relies on the "due process clause of the federal Constitution" and the Texas Court of Criminal Appeal's decision in *Erdman v. State*, 861 S.W.2d 890 (Tex.Crim.App.1993).

Oguntope observes that it is unlawful for "the police to coerce a defendant into producing evidence," citing *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760 (1961). In *Rogers*, the United States Supreme Court held that "convictions following the admission into evidence of confessions which are involuntary, i.e., the product of coercion, either physical or psychological, cannot stand." 365 U.S. at 540, 81 S.Ct. at 739. Although *Rogers* holds that the State may not coerce a *confession* from a defendant, its reasoning does not preclude the State from obtaining *evidence* from a defendant against his or her will. 365 U.S. at 540–42, 81 S.Ct. at 739–40 (emphasis added). Contrary to Oguntope's contention, the Court of Criminal Appeals has held that authorities may compel a defendant to submit physical evidence of intoxication. *Jones v. State*, 795 S.W.2d 171, 175 (Tex.Crim.App.1990); *see also Thomas v. State*, 723 S.W.2d 696, 704–05 (Tex.Crim.App.1986); *Martin v. State*, 97 S.W.3d 718, 720 (Tex.App.-Waco 2003, pet. ref'd).

■ Unlike a confession, the performance of a field sobriety test is not testimonial in nature, but rather is physical evidence of a motorist's mental and physical faculties. *Gassaway v. State*, 957 S.W.2d 48, 51 (Tex.Crim.App.1997); *Jones*, 795 S.W.2d at 175; *see also Shpikula v. State*, 68 S.W.3d 212, 219 n. 5 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd) (citing *Youens*

*v. State,* 988 S.W.2d 404, 407 (Tex.App.-Houston [1st Dist.] 1999, no pet.)). In particular, the Texas Court of Criminal Appeals has reasoned that field sobriety tests are not testimonial because their results do not create "an express or implied assertion of fact or belief." *Gassaway,* 957 S.W.2d at 51. Accordingly, the trooper's statement that Oguntope would be subject to arrest if he refused to perform the field sobriety tests does not violate Oguntope's constitutional right to due process. *See Martin,* 97 S.W.3d at 720.

■ In addition, Oguntope relies on *Erdman* to contend that the trooper's coercive statements render the field sobriety tests inadmissible as a matter of Texas law. 861 S.W.2d at 894. In *Erdman,* the Texas Court of Criminal Appeals held that, if an officer fails to recite the proper statutory warning to the defendant before a breathalyzer or blood alcohol concentration test, then the defendant's consent is involuntary as a matter of law. *Id.* at 893–94. According to statute, however, officers may only conduct *breathalyzer* or *blood alcohol tests* after a suspect has heard the statutory warnings of the legal consequences of consenting or refusing to consent, and has given consent. *Erdman,* 861 S.W.2d at 893 (construing TEX.REV.CIV. STAT. ANN. art. 6701/-5, § 2 (Vernon 1977), now codified at TEX. TRANSP. CODE ANN. § 724.012, .013, .015 (Vernon 1999 & Supp. 2004–2005)) (emphasis added). These required statutory warnings do not extend to field sobriety tests. In *Erdman,* the Court held that the officer had not provided the appropriate warnings. 861 S.W.2d at 893–94. Thus, the breathalyzer evidence was inadmissible under article 38.23, which prohibits the admission of evidence obtained in violation of any provisions of Texas law. *See id.;* TEX.CODE CRIM. PROC. ANN. art. 38.23 (Vernon 1979 & Supp.2004–2005).

Without any similar statute requiring warnings before consenting to perform a field sobriety test, the trooper's statements did not violate Texas law so as to taint the admission of the results of the tests. *See* TEX.CODE CRIM. PROC. ANN. art 38.23. We therefore hold that the trial court did not err in denying the motion to suppress on this ground.

### Conclusion

We conclude that (1) the trooper's statement that he would arrest Oguntope if he refused to perform the field sobriety test does not violate constitutional due process requirements, because the tests are not testimonial in nature, and (2) the trooper's comments to Oguntope do not violate Texas Transportation Code sections 724.013 and 724.015, as those sections apply only to breathalyzer and blood alcohol testing. We therefore affirm the trial court's denial of Oguntope's motion to suppress.