Opinion issued May 5, 2005







     







In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00205-CR




SAMUEL OLGLKAN OGUNTOPE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 14
Harris County, Texas
Trial Court Cause No. 1208977



 
O P I N I O N
          Appellant Samuel Oguntope waived his right against self-incrimination, his
right to trial by jury, and his right to confrontation. He judicially confessed to the
State’s allegations that he committed the misdemeanor offense of driving while
intoxicated (“DWI”). After finding true an enhancement paragraph alleging a prior
felony, the trial court assessed punishment at ten days’ confinement, suspended his
driver’s license for one year, and entered an order requiring Oguntope to install an
ignition interlock restriction device in his vehicle.


 
          Before entering his plea of guilty, Oguntope moved to suppress the results of
his field sobriety test. The trial court denied the motion. After entry of the plea, he
filed a motion for new trial and to withdraw his plea. The trial court denied the
motion. On appeal, Oguntope contends the trial court erred in denying his motion to
suppress the results of his field sobriety test because his agreement to perform the test
improperly was coerced. We conclude that the trial court did not err and therefore
affirm. 
Facts and Procedural History
          On December 12, 2003, a Texas Department of Public Safety trooper pulled
over Oguntope’s vehicle at approximately 11:45 p.m. The trooper detected an
alcoholic odor on Oguntope’s breath, and Oguntope admitted that he had consumed
one beer. The trooper instructed Oguntope to follow his finger with his eyes. 
Oguntope refused. The trooper then requested that he submit to a breathalyzer test. 
Oguntope did not blow hard enough into the tube to successfully complete the test. 
The trooper told Oguntope that, “If you can’t do what I’m asking you to do, then I’m
going to take you to jail for DWI.” Oguntope then performed several field sobriety
tests, including the horizontal gaze nystagmus (“HGN”) test, straight line walk test,
and a stand on one foot test. Oguntope failed the field sobriety tests, and the trooper
arrested him for DWI. The trooper told Oguntope that he would give him another
chance to take a breath test at the jail, and if he blew .08 or less, he would let the
district attorney decide whether to keep him in jail. The trooper denied Oguntope’s
requests to allow him to repeat the field sobriety tests. The trooper read Oguntope the
statutory warnings and asked him whether he would perform the breathalyzer test. 
Oguntope answered both yes and no, which the trooper interpreted as a no.
          At trial, Oguntope moved to suppress evidence of the field sobriety tests. 
After watching the videotaped footage of the field sobriety tests and hearing oral
argument, the trial court granted the motion in part and denied it in part. The court
agreed to suppress (1) any breathalyzer results, although the trooper gathered no
results because Oguntope did not successfully blow into the tube, and (2) the
trooper’s statement concerning the district attorney. The trial court refused to
suppress the results of the field sobriety tests. Oguntope then pleaded guilty to DWI. 

Standard of Review
          In reviewing a trial court’s ruling on a motion to suppress, we apply the
bifurcated standard of review articulated in Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). We defer to a trial court’s determination of historical facts, and
review de novo the trial court’s application of the law of search and seizure. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000) (citing Guzman, 955
S.W.2d at 88-89). If the issue involves the credibility of a witness, we defer to a trial
court’s ruling, as a trial court is in a better position to evaluate the credibility of
witnesses before it. Guzman, 955 S.W.2d at 87, 89. If the trial court is called upon
to apply the law to the facts, and the ultimate resolution of the issue does not turn on
an evaluation of the credibility and demeanor of a witness, we review that issue de
novo. Id. at 89. 
Motion to Suppress
          Oguntope contends the trial court erred in refusing to suppress the results of
his field sobriety tests. Specifically, Oguntope contends the trooper’s comment that
he would arrest him if he refused to perform the HGN test constitutes coercion that
renders involuntary his agreement to take the test. Oguntope relies on the “due
process clause of the federal Constitution” and the Texas Court of Criminal Appeal’s
decision in Erdman v. State, 861 S.W.2d 890 (Tex. Crim. App. 1993). 
          Oguntope observes that it is unlawful for “the police to coerce a defendant into
producing evidence,” citing Rogers v. Richmond, 365 U.S. 534, 81 S. Ct. 735 (1961). 
In Rogers, the United States Supreme Court held that “convictions following the
admission into evidence of confessions which are involuntary, i.e., the product of
coercion, either physical or psychological, cannot stand.” 365 U.S. at 540, 81 S. Ct.
at 739. Although Rogers holds that the State may not coerce a confession from a
defendant, its reasoning does not preclude the State from obtaining evidence from a
defendant against his or her will. 365 U.S. at 540-42, 81 S. Ct. at 739-40 (emphasis
added). Contrary to Oguntope’s contention, the Court of Criminal Appeals has held
that authorities may compel a defendant to submit physical evidence of intoxication. 
Jones v. State, 795 S.W.2d 171, 175 (Tex. Crim. App. 1990); see also Thomas v.
State, 723 S.W.2d 696, 704-05 (Tex. Crim. App. 1986); Martin v. State, 97 S.W.3d
718, 720 (Tex. App.—Waco 2003, pet. ref’d). 
          Unlike a confession, the performance of a field sobriety test is not testimonial
in nature, but rather is physical evidence of a motorist’s mental and physical faculties. 
Gassaway v. State, 957 S.W.2d 48, 51 (Tex. Crim. App. 1997); Jones, 795 S.W.2d
at 175; see also Shpikula v. State, 68 S.W.3d 212, 219 n.5 (Tex. App.—Houston [1st 
Dist.] 2002, pet. ref’d) (citing Youens v. State, 988 S.W.2d 404, 407 (Tex.
App.—Houston [1st Dist.] 1999, no pet.)). In particular, the Texas Court of Criminal
Appeals has reasoned that field sobriety tests are not testimonial because their results
do not create “an express or implied assertion of fact or belief.” Gassaway, 957
S.W.2d at 51. Accordingly, the trooper’s statement that Oguntope would be subject
to arrest if he refused to perform the field sobriety tests does not violate Oguntope’s
constitutional right to due process. See Martin, 97 S.W.3d at 720. 
          In addition, Oguntope relies on Erdman to contend that the trooper’s coercive
statements render the field sobriety tests inadmissible as a matter of Texas law. 861
S.W.2d at 894. In Erdman, the Texas Court of Criminal Appeals held that, if an
officer fails to recite the proper statutory warning to the defendant before a
breathalyzer or blood alcohol concentration test, then the defendant’s consent is
involuntary as a matter of law. Id. at 893-94. According to statute, however, officers
may only conduct breathalyzer or blood alcohol tests after a suspect has heard the
statutory warnings of the legal consequences of consenting or refusing to consent, and
has given consent. Erdman, 861 S.W.2d at 893 (construing Tex. Rev. Civ. Stat.
Ann. art. 6701/-5, § 2 (Vernon 1977), now codified at Tex. Transp. Code Ann. §
724.012, .013, .015 (Vernon 1999 & Supp. 2004-2005)) (emphasis added). These
required statutory warnings do not extend to field sobriety tests. In Erdman, the
Court held that the officer had not provided the appropriate warnings. 861 S.W.2d
at 893-94. Thus, the breathalyzer evidence was inadmissable under article 38.23,
which prohibits the admission of evidence obtained in violation of any provisions of
Texas law. See id.; Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 1979 & Supp.
2004-2005). 
          Without any similar statute requiring warnings before consenting to perform
a field sobriety test, the trooper’s statements did not violate Texas law so as to taint
the admission of the results of the tests. See Tex. Code Crim. Proc. Ann. art 38.23. 
We therefore hold that the trial court did not err in denying the motion to suppress on
this ground. 
Conclusion
          We conclude that (1) the trooper’s statement that he would arrest Oguntope if
he refused to perform the field sobriety test does not violate constitutional due
process requirements, because the tests are not testimonial in nature, and (2) the
trooper’s comments to Oguntope do not violate Texas Transportation Code sections
724.013 and 724.015, as those sections apply only to breathalyzer and blood alcohol
testing. We therefore affirm the trial court’s denial of Oguntope’s motion to suppress.


                                                             Jane Bland
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Higley and Bland. 
Publish. Tex. R. App. P. 47.2(b).