JORDAN v. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-364-CR

JULIE ANN JORDAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Julie Ann Jordan appeals her conviction for driving while intoxicated.  After the trial court denied Appellant’s motions to suppress, she waived her right to a jury trial and entered a plea of nolo contendere.  The trial court found Appellant guilty, assessed her punishment at a fine of $750 and 180 days in the county jail, and suspended imposition of the sentence by placing her on community supervision for a period of twenty-four months.  In two points, Appellant asserts that the trial court erred by failing to suppress physical and testimonial evidence obtained at the scene of her warrantless arrest.  We affirm.

MOTION TO SUPPRESS

In her first point, Appellant argues that she was subject to an unreasonable search because she was required to perform field sobriety tests.  She contends that the Fourth Amendment applies to searches for signs of intoxication through the use of field sobriety tests.  In her second point, she asserts that her statements were used against her in violation of 
Miranda
 because she was subjected to a custodial interrogation.

1.  Evidence Presented

Officer Donald Meredith of the Euless Police Department testified that he received a radio call, and the dispatcher advised him that a concerned citizen was following a car down Main Street that was weaving in and out of traffic lanes down the street.  According to the citizen, the car turned into a westbound lane traveling eastbound.  When Officer Meredith located the vehicle, he observed it blocking a moving lane, which is a violation of the penal code.
(footnote: 2)  He pulled his patrol car directly in front of the car.  Officer Meredith testified that he blocked the car to protect the public in case the car began to move in the event that the driver, later identified as Appellant, had left her foot on the brake pedal and had left the car in gear.  As he drove up, he observed Appellant’s head slightly slumped over as if she had possibly passed out behind the wheel.  Backup officers arrived at the scene and parked behind Appellant’s car.

As he approached the driver’s side of the vehicle, Officer Meredith saw Appellant in the car.  Based on his training and experience and the information he had received from the dispatcher, Officer Meredith believed that Appellant could have been intoxicated.  When he asked Appellant where she was going, she seemed to be confused.  In response to the officer’s questions, Appellant stated that she had come from a Mexican restaurant in Grapevine and that she had drunk a couple of margaritas.  Officer Meredith asked Appellant to perform some field sobriety tests, which she did, but she failed.  The officer arrested Appellant after she failed the sobriety tests.  The officers never read Appellant her 
Miranda
(footnote: 3) 
rights at the scene.

Appellant testified that when the officers began questioning her regarding how much she had to drink that evening, she did not feel like she was free to leave.  She testified that she believed that if she did not perform the field sobriety tests, she would be taken to jail.

2.  Standard Of Review

We review a trial court’s ruling on a motion to suppress evidence under a bifurcated standard of review.  
Carmouche v. State
, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); 
Guzman v. State
, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  In reviewing the trial court’s decision, we do not engage in our own factual review.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); 
Best v. State
, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth 2003, no pet.).  The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony.  
State v. Ross
, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); 
State v. Ballard
, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999).  Therefore, we give almost total deference to the trial court’s rulings on (1) questions of historical fact and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor.  
Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002); 
State v. Ballman
, 157 S.W.3d 65, 68 (Tex. App.—Fort Worth 2004, pet. ref’d).  But when the trial court’s rulings do not turn on the credibility and demeanor of the witnesses, we review de novo a trial court’s rulings on mixed questions of law and fact.  
Estrada v. State
, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); 
Johnson
, 68 S.W.3d at 652-53.

When reviewing a trial court’s ruling on a mixed question of law and fact, the court of appeals may review de novo the trial court’s application of the law of search and seizure to the facts of the case.  
Estrada
, 154 S.W.3d at 607.  When there are no explicit findings of historical fact, the evidence must be viewed in the light most favorable to the trial court’s ruling.  
Id
.

We must uphold the trial court’s ruling if it is supported by the record and correct under any theory of law applicable to the case even if the trial court gave the wrong reason for its ruling.  
Armendariz v. State
, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), 
cert. denied
, 541 U.S. 974 (2004); 
Ross
, 32 S.W.3d at 856; 
Romero
, 800 S.W.2d at 543.  

3.  Physical Evidence 

Appellant argues that the Fourth Amendment and article one, section nine of the Texas Constitution apply to searches for signs of intoxication through the use of field sobriety tests.  Although she mostly complains in her first point of a violation of her rights as guaranteed by the Fourth Amendment, she also briefly argues that field sobriety tests are testimonial in nature and require the administration of 
Miranda
 warnings in order to protect her privilege against self-incrimination under the Fifth Amendment.

The Fifth Amendment applies only to incriminating evidence that is testimonial in nature.  
Williams v. State
, 116 S.W.3d 788, 791 (Tex. Crim. App. 2003).  In order to be testimonial, the communication must itself, explicitly or implicitly, relate a factual assertion or disclose information.  
Id.
  The court of criminal appeals has held that sobriety tests yield physical evidence of a suspect’s mental and physical faculties, and thus, the results are not testimonial evidence that implicates 
Miranda
.  
Gassaway v. State
, 957 S.W.2d 48, 51 (Tex. Crim. App. 1997) (holding that field sobriety tests do not violate the privilege against self-incrimination).  Specifically, the court of criminal appeals has reasoned that field sobriety tests are not testimonial because their results do not create “an express or implied assertion of fact or belief.”  
Id.

Appellant also claims that the trial court erred in failing to suppress testimony concerning the field sobriety tests pursuant to code of criminal procedure article 38.22.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 38.22 (Vernon Supp. 2005).  However, no Texas law requires that a suspect be warned, or that consent be obtained, before the administration of a field sobriety test.  
Oguntope v. State
, 177 S.W.3d 435, 438 (Tex. App.—Houston [1st  Dist.] 2005, no pet.) (stating that while transportation code sections 724.012, 724.013, and 724.015 require statutory warnings of consequences of consent or failure to consent to a breathalyzer test, no statute requires warnings prior to the administration of field sobriety tests); 
Martin v. State
, 97 S.W.3d 718, 720 (Tex. App.—Waco 2003, pet. ref’d) (holding that a field sobriety test was not illegally obtained because, unlike the statutory mandate that a breathalyzer test may not be administered if the subject refuses to submit to the taking of the specimen, no such statute applies to field sobriety tests).

Appellant’s Fourth Amendment complaint relates to the right to be secure  in her person from unreasonable searches or seizures.  She asserts that she was subjected to an unreasonable search and seizure when the officers asked her to perform the field sobriety tests.  Both the Fourth Amendment and article one, section nine of the Texas Constitution guarantee individuals the right to be free from unreasonable searches and seizures. 
 See 
U.S. Const. 
amend. IV;
 Tex. Const.
 art. I, § 9.  The Fourth Amendment does not forbid all searches and seizures, but only unreasonable searches and seizures.  
Davis v. State
, 947 S.W.2d 240, 242 (Tex. Crim. App. 1997).  Law enforcement officers may stop and briefly detain persons suspected of criminal activity on less information than is constitutionally required for probable cause to arrest.  
Terry v. Ohio
, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968); 
Davis
, 947 S.W.2d at 244.  To justify the intrusion, the officer must have specific, articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation.  
Garza v. State
, 771 S.W.2d 549, 558 (Tex. Crim. App. 1989).  A police officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information.
  Hoag v. State
, 728 S.W.2d 375, 380 (Tex. Crim. App. 1987).  The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to a crime.  
Id.

The scope of the detention must be carefully tailored to its underlying justification.  
Florida v. Royer
, 460 U.S. 491, 500, 103 S. Ct. 1319, 1325-26 (1983).  The scope of the intrusion permitted will vary to some extent with the particular facts and circumstances of each case.  
Id.
  The scope of the detention must be temporary and last no longer than necessary to effectuate the purposes of the stop.  
Id.
  Furthermore, the investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer’s suspicions within a short period of time.  
Id.
 

Here, Officer Meredith received information that a car was weaving in and out of traffic and driving eastbound down a westbound street.  He personally observed Appellant, whose head was slumped over the steering wheel, blocking a lane of traffic.  These articulable facts, combined with Appellant’s admission that she had been drinking, were sufficient to give Officer Meredith a reasonable suspicion to detain Appellant further to administer field sobriety tests.  
See id.
  The administration of the field sobriety tests was the least intrusive means by which Officer Meredith could verify or dispel his suspicion that Appellant had been driving while intoxicated.  
See id.
  This minimal intrusion into Appellant’s personal freedom was reasonable under the circumstances.  
See id.
  Accordingly, we hold that Appellant’s Fourth Amendment rights and her rights under article one, section nine, of the Texas Constitution were not violated by Officer Meredith’s temporary detention of Appellant and his request that she perform field sobriety tests.  We overrule Appellant’s first point. 

4.  Testimonial Evidence 

In her second point, Appellant contends that the trial court erred in denying her motion to suppress the testimonial evidence that she alleges was obtained in violation of 
Miranda
 because she was subjected to a custodial interrogation.  Appellant argues that when the officers asked her where she had been and whether she had been drinking, she was in custody; thus, her statements should be suppressed because the officers had not given her 
Miranda
 warnings.  Citing 
Dowthitt v. State
, 931 S.W.2d 244 (Tex. Crim. App. 1996), and 
Jordy v. State
, 969 S.W.2d 528 (Tex. App.—Fort Worth, no pet.), Appellant argues that she was in custody because the officers had probable cause to arrest her prior to the questioning and because a reasonable person in her position would have believed that she was under arrest or was not free to leave; thus, the statements she made to the officers should have been suppressed.

The need for 
Miranda
 warnings arises when a person has been subjected to a custodial interrogation.  
Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612. Article 38.22 of the Texas Code of Criminal Procedure generally precludes the use of statements that result from custodial interrogation absent compliance with its procedural safeguards.  
Tex. Code Crim. Proc. Ann. 
art. 38.22, § 2.  If a statement is not the result of a custodial interrogation, neither 
Miranda 
nor article 38.22 requires its suppression.  
See Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612; 
Galloway v. State
, 778 S.W.2d 110, 112 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of her freedom of action in any significant way.  
Miranda
, 384 U.S. at 444, 86 S. Ct. at 1612.  A person held for an investigative detention is not in custody.  
Dowthitt
, 931 S.W.2d at 254.  A person is in custody only if, under the circumstances, a reasonable person would believe that his freedom of movement was restrained to the degree associated with a formal arrest.  
Id.
  Persons temporarily detained pursuant to traffic stops are not in custody for the purposes of 
Miranda
.  
Berkemer v. McCarty
, 468 U.S. 420, 440, 104 S. Ct. 3138, 3150 (1984).  In 
Berkemer
, the Supreme Court determined that a motorist who was stopped for weaving on the road, subjected to a modest number of questions by a patrolman, and who performed a balancing test at a location visible to passing motorists, was not taken into custody for purposes of 
Miranda
.  
Id.
 at 442, 104 S. Ct. at 3151.

The court of criminal appeals adopted the 
Berkemer
 analysis in 
State
 
v. Stevenson
, 958 S.W.2d 824, 827 (Tex. Crim. App. 1997).  In determining whether a noncustodial encounter has escalated into custodial interrogation, the court of criminal appeals referred to four factors discussed in 
Dowthitt
, 931 S.W.2d at 254.  
Stevenson
, 958 S.W.2d at 826.  The factors for determining when a noncustodial interrogation escalates into a custodial interrogation include the following: (1) when the suspect is physically deprived of his freedom of action in any significant way, (2) when law enforcement officers tell a suspect that he cannot leave, (3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted, and (4) when there is probable cause to arrest and law enforcement officers do not tell the suspect that he is free to leave.  
Dowthitt
, 931 S.W.2d
 
at 255.  In the first, second, and third situations, the restrictions upon freedom of movement must amount to the degree associated with an arrest as opposed to an investigative detention.  
Id.  
With regard to the fourth scenario, the officers’ knowledge of probable cause must be manifested to the suspect.  
Id.
 

In holding that the appellant’s statements in 
Stevenson
 were admissible, the court of criminal appeals held that the investigation was no more intrusive than in 
Berkemer
, and even if the appellant had become the focus of a DWI investigation, that fact alone would not give rise to custody.  
Stevenson
, 958 S.W.2d at 829.  The court further noted that the existence of probable cause to arrest did not distinguish the case from 
Berkemer
, in which the officer possessed probable cause to arrest after the suspect failed the sobriety test.  
Id.

Jordy
 held that the appellant was subjected to a custodial interrogation following a traffic accident when, in response to the officer’s question regarding how much he had to drink, he stated, “A lot.”  969 S.W.2d at 531-32.  In 
Jordy
, the appellant had lain down on the ground and the officer had called an ambulance before asking the appellant how much he had to drink.  
Id.
  In  
Alford v. State
, this court reversed a DWI conviction because the appellant’s statement that he had consumed six beers was made in the absence of 
Miranda
 warnings
, but the appellant made this statement after he had been handcuffed and placed on the ground.  22 S.W.3d 669, 672 (Tex. App.—Fort Worth 2000, pet. ref’d).  Both of these cases present additional circumstances  showing that the questioning had occurred beyond the investigatory stage.  
Lewis v. State
, 72 S.W.3d 704, 713 (Tex. App.—Fort Worth 2002, pet. ref’d). 

Here, Officer Meredith had received information from a police dispatcher that a concerned citizen had seen Appellant driving erratically and that she was possibly intoxicated.  He was informed that Appellant was weaving in and out of traffic and traveling westbound in an eastbound lane of traffic.  When Officer Meredith located Appellant, her car was stopped in the middle of the road, blocking a lane of traffic.  When he first saw Appellant, she appeared to be slumped over, and he initially thought that she had possibly passed out behind the wheel.  When Officer Meredith spoke with Appellant, she seemed confused.  These circumstances were enough to vest the trooper with reasonable suspicion to detain Appellant and further investigate the possibility of her involvement in the criminal act of driving while intoxicated.  
Powell v. State
, 5 S.W.3d 369, 377 (Tex. App.—Texarkana 1999, pet. ref’d) (holding that an officer may continue the detention after an initial stop if he develops reasonable suspicion to believe that the detainee was engaged in criminal activity); 
see State v. Brabson
, 899 S.W.2d 741, 749 (Tex. App.—Dallas 1995), 
aff'd, 
976 S.W.2d 182 (Tex. Crim. App. 1998) (holding that reasonable suspicion to detain arose when the suspect honked his horn excessively and emitted a strong odor of alcohol).

We hold that Appellant’s statements were not the product of a custodial interrogation, but were merely the result of an investigative detention.  Therefore, the statements are admissible even in the absence of a 
Miranda 
warning and the warnings articulated in code of criminal procedure section 38.22.  
See Stevenson
, 958 S.W.2d at 829.  Accordingly, we hold that the trial court did not err in denying Appellant’s motion to suppress.  We overrule Appellant’s second point.

CONCLUSION
 

Having overruled Appellant’s two points, we affirm the trial court’s judgment.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  August 10, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
A person commits the offense of obstructing a highway or other passageway if she intentionally, knowingly, or recklessly obstructs a “highway, street, . . . entrance, or exit to which the public or a substantial group of the public has access, or any other place used for the passage of persons, vehicles, or conveyances, regardless of the means of creating the obstruction.”  
Tex. Penal Code Ann.
 § 42.03(a)(1) (Vernon 2003).

3: 
See
 
Miranda v. Arizona
, 384 U.S. 436, 86 S. Ct. 1602 (1966).