



## MEMORANDUM OPINION

No. 04-10-00542-CR

Rosalinda **VASQUEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 4, Bexar County, Texas
Trial Court No. 935446
Honorable Sarah Garrahan-Moulder, Judge Presiding

Opinion by:   Steven C. Hilbig, Justice

Sitting:   Karen Angelini, Justice
Sandee Bryan Marion, Justice (concurring in the judgment only)
Steven C. Hilbig, Justice

Delivered and Filed:  December 30, 2011

AFFIRMED

Rosalina Vasquez was convicted of driving while intoxicated.  She appeals the judgment of the trial court, complaining the court erred by not suppressing testimony concerning field sobriety tests she performed after her initial detention.  We affirm the trial court's judgment.

Vasquez filed a motion to suppress, challenging the legal basis for the initial detention and any evidence resulting from the detention.  After a hearing, Vasquez conceded the initial detention was valid, but argued any testimony concerning the field sobriety tests should be

suppressed because she initially refused to perform any tests, but relented and agreed to the tests only after the arresting officer told her she would be arrested if she refused to perform the requested tests. The trial court denied the motion to suppress. Vasquez elected to have a trial by jury, which returned a guilty verdict. She was sentenced to 180 days in jail, probated for six months, and fined $500.

In her sole issue, Vasquez argues the trial court erred by refusing to suppress testimony about the field sobriety tests because she was coerced into performing the tests. Rather than framing the issue as a due process claim, Vasquez contends the field sobriety tests are more akin to a search because they result in "physical evidence," and she grounds her complaint in the Fourth Amendment of the federal constitution and Article 1, § 9 of the Texas Constitution. Vasquez argues her "consent" to perform the field sobriety tests was not voluntary because she initially refused to perform the tests and cooperated only after being threatened with arrest. She contends such coercion renders the results inadmissible.

We review the trial court's ruling on a motion to suppress for abuse of discretion. *Swain v. State*, 181 S.W.3d 359, 365 (Tex. Crim. App. 2005), *cert. denied*, 549 U.S. 861 (2006). We give "almost total deference" to the trial court's findings of historical fact that are supported by the record and to mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review de novo the trial court's determination of the law and its application of law to facts that do not turn upon an evaluation of credibility and demeanor. *Id.* We will uphold the ruling if it is supported by the record and is correct under any theory of law applicable to the case. *State v. Ross*, 32 S.W.3d 853, 855–56 (Tex. Crim. App. 2000). When the trial court has not made findings, we imply

findings of fact that support the trial court's ruling, so long as they find some support in the record. *State v. Kelly*, 204 S.W.3d 808, 818-19 (Tex. Crim. App. 2006).

Vasquez asserts that "suspects should be provided the same protections against being forced to submit to standard filed sobriety tests as apply to any other search that yields physical evidence." We question whether the Fourth Amendment is implicated in this situation because the performance of the sobriety tests did not result in the seizure of any physical evidence, but rather simply permitted the arresting officer to observe and record Vasquez's physical and mental abilities.[1] Nevertheless, assuming, without deciding, that the Fourth Amendment applies to the results of field sobriety tests, the record supports an implied finding that Vasquez's consent was not coerced.

The trial court did not enter findings of facts or conclusions of law. In the absence of such findings and conclusions, we make all reasonable inferences in favor of the court's ruling. *Kelly*, 204 S.W.3d at 818-19. During the hearing on the motion to suppress, the arresting officer acknowledged that Vasquez initially declined his request that she perform the field sobriety tests. However, he also testified that he thought she was confused and explained:

> Well, I just wanted to give - - I give people the benefit of the doubt because I know it's a traumatic time for them. They're out in the street being pulled over by a police officer, lights - - Red and blues on. They are scared. They are not too sure. Sometimes they answer no then I ask - - offer them the opportunity to understand what the severity of the situation is about my observations and why I am asking for tests. I want to make sure that they understand fully that what I am requesting, so that is why I repeat it a few times depending upon their answer, their demeanor. I could see - - I could tell that she was kind of scared, so I just wanted to make sure because we just - - Say you asked her and she said no, then you end up placing her under arrest. Then she is

---

[1] In *Arthur v. State*, 216 S.W.3d 50, 55-56, (Tex. App.—Fort Worth 2007, no pet.), the court considered a similar argument and employed a Fourth Amendment analysis. However, the court held that the request to perform field sobriety tests was reasonable under the Fourth Amendment because it was the "least intrusive means" by which the arresting officer could "verify or dispel his suspicions" the defendant had been driving while intoxicated. *Id*; *see also Oguntope v. State*, 177 S.W.3d 435, 437-38 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that because results of field sobriety tests are not testimonial, officer's alleged coercion of consent to tests by threatening arrest did not violate due process).

okay. Okay. I will do the tests. That is why I don't like to do that. I don't like to rush them. I like for them to understand fully what I am asking.

The arresting officer also clarified that while he told Vasquez she would be arrested if she did not perform the field sobriety tests, the arrest would not have been based solely on her refusal to take the tests, but also upon his observations of her driving, the smell of alcohol on her breath, her slurred speech and glassy eyes. From this testimony, the trial court could have found that Vasquez's decision to take the field sobriety tests was not the product of unlawful coercion, but was consensual following the officer's explanation. This implied finding is supported by the record.

Although Vasquez asserts Article I, section 9 of the Texas Constitution as a ground for reversal, she does not argue that the Texas Constitution affords greater protection to our citizens than the Fourth Amendment. *See Barley v. State*, 906 S.W.2d 27, 36 (Tex. Crim. App. 1995) (holding grounds of error under state constitution must be separately briefed); *see also Johnson v. State*, 912 S.W.2d 227, 232 (Tex. Crim. App. 1995) (noting that although Court of Criminal Appeals is not bound by decisions of United States Supreme Court when interpreting Article 1, § 9, both protect the "same right" to the "same degree").

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

DO NOT PUBLISH