

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00233-CR

**JOSHUA CHRISTIAN HAMILTON,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2017-1412-C2**

## MEMORANDUM OPINION

Joshua Christian Hamilton appeals his conviction for indecency with a child by contact. After finding him guilty, the jury assessed punishment at three years of confinement in the Texas Department of Criminal Justice—Institutional Division. In two issues, Hamilton contends the trial court erred in allowing extraneous offense testimony and in failing to conduct an evidentiary hearing on his motion for new trial. We affirm.

## Extraneous Offense Evidence

In his first issue, Hamilton asserts the trial court erred in admitting testimony presented by S.G. Specifically, he argues that the trial court did not complete a Rule 403 balancing test. He contends the probative value of her testimony was outweighed by a danger of unfair prejudice. He asserts that the extraneous offenses were remote because they were allegedly committed more than three years before the offense alleged in the indictment. He also argues that the extraneous offenses are not relevant because they are "disproportionally different from the offense alleged in this present case." He clarified that the extraneous offenses allege far worse sexual abuse allegations. He also argues there is no way that a jury could have believed that an alleged offense occurred between he and S.G.

STANDARD OF REVIEW AND APPLICABLE LAW

We review the trial court's decision to admit contested testimony under an abuse of discretion standard. *Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007). We will uphold the trial court's decision if it is within the zone of reasonable disagreement. *Id*. The trial court's evidentiary ruling must be upheld if it is reasonably supported by the record and is correct under any applicable theory of law. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016).

Because an accused must be tried only for the offense for which he is charged and may not be tried for a collateral crime or for being a criminal generally, extraneous offense

evidence is usually not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." TEX. R. EVID. 404(b)(1); *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). However, in prosecutions for sexual offenses against children under the age of seventeen Texas Code of Criminal Procedure article 38.37 permits the admission of evidence concerning certain extraneous offenses committed by the defendant. *See* TEX. CODE CRIM. PROC. ANN. art. 38.37. The unique nature of sexual assault crimes justifies admitting extraneous offense evidence. *See Jenkins v. State*, 993 S.W.2d 133, 136 (Tex. App.—Tyler 1999, pet. ref'd).

Article 38.37, Section 2(b) provides that:

> Notwithstanding Rules 404 and 405, Texas Rules of Evidence, and subject to Section 2-a, evidence that the defendant has committed a separate offense described by Subsection (a)(1) or (2) may be admitted in the trial of an alleged offense described by Subsection (a)(1) or (2) for any bearing the evidence has on relevant matters, including the character of the defendant and acts performed in conformity with the character of the defendant.

TEX. CODE CRIM. PROC. ANN. art. 38.37, § 2(b). Subsection 2(b) applies to specified offenses, including indecency with a child. *See id.* art. 38.37, §§ 1(a)(1)(A), 2(a)(1)(C).

When evidence of a defendant's commission of one of the offenses listed in article 38.37, section 2(a) is relevant under article 38.37, the trial court must conduct a Rule 403 balancing test upon proper objection or request. *West v. State*, 554 S.W.3d 234, 239 (Tex. App.—Houston [14th Dist.] 2018, no pet.). Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. TEX.

R. EVID. 401.  Pursuant to Rule of Evidence 403, the trial court must weigh the probative value of the evidence against the potential for unfair prejudice.  TEX. R. EVID. 403.  Because evidence of separate sexual offenses is probative on the issues of intent and a defendant's character or propensity to commit sexual assaults on children if sufficient evidence is provided regarding the extraneous offense, the probative value of sexual offenses committed against other children is generally not substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence.  *Id.*; *Deggs v. State*, 646 S.W.3d 916, 925 (Tex. App.--Waco 2022, pet. ref'd).

When a trial court conducts a Rule 403 balancing test, it must balance (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest a decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or merely repeat evidence already admitted.  *Gigliobianco v. State*, 210 S.W.3d 637, 641-42 (Tex. Crim. App. 2006).

Discussion

S.G., a close friend of A.T., the complainant in this case, testified regarding her experiences with Hamilton. S.G.'s brother was friends with Hamilton, and Hamilton, who is three years older than S.G., spent the night at their house about twice a month. One night, Hamilton led ten-year-old S.G. to a computer and showed her porn. Later that night, after her brother was asleep, Hamilton pulled down his pants and asked S.G. to kiss his penis. She testified that she gave him a "blow job." A white, clear liquid that tasted like bleach came out of his penis. S.G. also cryptically referenced another time when she was ten and Hamilton touched her on her body, he was rough, and it hurt.

In another incident, when S.G. was eleven, she and her brother spent the night at Hamilton's mother's house. S.G. was on the couch and Hamilton sat next to her. He tried to touch her, but she said no. He then grabbed her hand and made her stroke his penis.

Hamilton asserts that S.G.'s testimony was not relevant because those alleged offenses are different from, that is, "far worse" than the offense alleged against him in the present case. We disagree. The offenses described by S.G. were of a sexual nature and her age at the time of those offenses was similar to A.T.'s age at the time of the offense alleged here. Where the offenses may land on a scale measuring atrocious misbehavior is not germane. S.G.'s testimony was relevant.

Hamilton further argues that the jury could not have believed S.G. The trial court held a hearing to make the initial admissibility determination. *See* TEX. CODE CRIM. PROC.

ANN. art. 38.37, § 2-a.  In that hearing, the trial court is the sole arbiter of the credibility of the witness and the weight given to her testimony.  *Deggs*, 646 S.W.3d at 924.  The trial court can resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences therefrom.  *Id*.  We presume the trial court found S.G.'s testimony to be credible and gave weight to her testimony.  *Id*.  Accordingly, we find the trial court did not abuse its discretion following the hearing by finding that S.G.'s testimony would be adequate to support a finding by the jury that Hamilton committed the extraneous offense beyond a reasonable doubt under article 38.37, section 2-a(1).

We turn now to the Rule 403 balancing test.  As to the first factor, Hamilton argues that the extraneous offenses were remote.  We are not persuaded that the three-year gap rendered the evidence inadmissible.  The evidence is probative of Hamilton's character or propensity to commit indecent acts with children around A.T.'s age.  Here, Hamilton was charged with indecency with a child who was thirteen at the time of the offense.  *See Deggs*, 646 S.W.3d at 926; *see also West*, 554 S.W.3d at 239-40 (In affirming the conviction, the court explained that evidence showing appellant committed lewd or lascivious acts on girls twenty-nine to thirty years before trial is a factor to consider.).

The second factor, the State's need for the evidence, weighs in favor of admission.  There was no biological evidence and no third-party eyewitnesses.  Furthermore, article 38.37 recognizes the need for such evidence "for any bearing the evidence has on relevant

matters." *See* TEX. CODE CRIM. PROC. art. 38.37, § 2(b). This factor weighs in favor of admission.

With respect to the third factor, we recognize the inherently inflammatory and prejudicial nature of the evidence of Hamilton's extraneous sexual offenses against another child does tend to suggest a verdict on an improper basis. *See Deggs*, 646 S.W.3d at 926.

Regarding the fourth factor, we consider whether there was a tendency of the evidence to confuse or distract the jury from the main issue in this case, that is, whether Hamilton committed the offense of indecency with a child younger than seventeen years of age by engaging in sexual contact. The trial court mitigated the tendency of the extraneous offense evidence to confuse or distract the jury by instructing them that they cannot consider the extraneous offense testimony for any purpose unless they find beyond a reasonable doubt that Hamilton committed those offenses, then they could consider the evidence only for relevant matters. Then, the trial court identified the elements the State was required to prove by its indictment, thereby redirecting the jury to the main issues in the case. We find the fourth factor weighed in favor of admission.

The fifth factor refers to evidence such as highly technical or scientific evidence that might mislead the jury because it is not equipped to weigh the probative force of the evidence. *See Gigliobianco*, 210 S.W.3d at 641. Here, the evidence in question was neither scientific nor technical. We find the fifth factor weighed in favor of admission.

As to the sixth factor, the extraneous-offense direct testimony comprised thirteen pages of transcript. The State presented testimony of six additional witnesses. We find the presentation of the extraneous offense evidence did not consume an inordinate amount of time. The last factor favored admission.

We find that the trial court, after balancing the Rule 403 factors, could have reasonably concluded the probative value of the extraneous offense evidence was not substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403; *Deggs*, 646 S.W.3d at 927. We find that the trial court did not abuse its discretion in admitting the extraneous offense evidence. Therefore, we overrule Hamilton's first issue.

### Failure to Conduct Motion for New Trial Hearing

In his second issue, Hamilton asserts the trial court erred in failing to conduct an evidentiary hearing on his motion for new trial. He contends that a hearing was required to develop the issues raised, including juror misconduct, because those matters could not be determined from the record.

The defendant may file a motion for new trial before, but no later than thirty days after, the date when the trial court imposes sentence in open court. TEX. R. APP. P. 21.4(a). Within thirty days after the date the trial court imposes sentence in open court, but before the court overrules any preceding motion for new trial, a defendant may, without leave of court, file an amended motion for new trial. *Id*. R. 21.4(b). A defendant may not file an amended motion for new trial after the thirty-day time limit, even with leave of court.

*State v. Moore*, 225 S.W.3d 556, 558 (Tex. Crim. App. 2007). Additionally, the rules require the defendant to present the motion for new trial to the trial court within ten days of filing it. TEX. R. APP. P. 21.6. Merely filing the motion is insufficient to constitute presentment. *Stokes v. State*, 277 S.W.3d 20, 24 (Tex. Crim. App. 2009).

Although not required by the rules of appellate procedure, caselaw mandates that, when the motion is grounded in matters that are not already a part of the case record, the motion must be sworn to by someone having personal knowledge of the facts contained therein for the defendant to be entitled to a hearing. *Bahm v. State*, 219 S.W.3d 391, 395 (Tex. Crim. App. 2007); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). If affidavits are not attached to the motion for new trial, there is no abuse of discretion in denying the defendant an evidentiary hearing. *Martin v. State*, 97 S.W.3d 718, 720 (Tex. App.—Waco 2003, pet. ref'd).

Hamilton was sentenced on April 27, 2023. He timely filed an unsworn motion for new trial on May 26, 2023. The record shows that his original motion for new trial was properly presented to the trial court, and he requested a hearing. *See* TEX. R. APP. P. 21.6. But his original motion for new trial was not supported by an affidavit. Therefore, the trial court was not required to have a hearing on the original motion. *See Martin*, 97 S.W.3d at 720. Hamilton filed an amended motion for new trial on May 30, 2023. While it was accompanied by a sworn affidavit of a juror, it was not timely. *See Moore*, 225 S.W.3d at 558. Furthermore, there is nothing in the record to indicate the amended

motion was ever presented to the trial court.  Therefore, the trial court did not err in failing to have a hearing on the amended motion.  *See Stokes*, 277 S.W.3d at 24; *Martin*, 97 S.W.3d at 720.  We overrule Hamilton's second issue.

## Conclusion

Finding no merit in Hamilton's issues on appeal, we affirm the trial court's judgment.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Smith, and
     Justice Wright[1]
Affirmed
Opinion delivered and filed August 22, 2024
Do not publish
[CR25]



---

[1] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.